GRIFFIN, Circuit Judge,
dissenting.
Although I join the majority regarding the first two issues, I respectfully disagree that defendants’ actions constituted constructive fraud as a matter of law. Summary judgment is not warranted because there are genuine issues of material fact. I would reverse and remand for further proceedings.
I respectfully take issue with the majority’s application of equitable estoppel’s second element under Bloemker v. Laborers’ Local 265 Pension Fund, the “awareness of the true facts by the party to be es-topped.” 605 F.3d 436, 442 (6th Cir.2010). This element “requires the plaintiff to demonstrate that the defendant’s actions contained an element of fraud, either intended deception or such gross negligence as to amount to constructive fraud.” Id,, at 443 (citations and alterations omitted). We have also held that when the party to whom estoppel is to be applied “ma[kes] an honest mistake” in calculating benefits, it is only “guilty of misfeasance, not the malfeasance that estoppel requires.” Crosby v. Rohm & Haas Co., 480 F.3d 423, 431 (6th Cir.2007) (emphasis added); accord Stark v. Mars, Inc., 518 Fed.Appx. 477, 482 (6th Cir.2013); Solomon v. Med. Mut. of Ohio, 411 Fed.Appx. 788, 794 (6th Cir.2011).
The majority concludes the facts here are indistinguishable from those in Bloem-ker. After all, both involve union employees who retired based on a calculation of retirement benefits by a third-party administrator, and when those calculations turned out to be wrong, the employers sought to reduce benefits and recover overpayments. However, although the facts of our case and Bloemker are indistinguishable, the procedural posture — and more specifically, the remedy upon remand — is very different.
In Bloemker, our court reversed the grant of a motion to dismiss in favor of the defendant and remanded for further proceedings. 605 F.3d at 444. In doing so, we held that Bloemker’s complaint suffi■ciently alleged “constructive fraud” by claiming that the defendants “were aware of the true facts and that they intended for Bloemker to rely upon their representations.” Id. at 443. Importantly, we assumed the truth of this allegation given that it was before us on a motion to dismiss. Id. And all Bloemker needed to do at that stage was allege “enough fact[s] to raise a reasonable expectation that discovery [would] reveal evidence of’ his claims. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The remedy was a remand for further proceedings, including the possibility of a trial on disputed issues of material fact.
Here, rather than holding that plaintiffs complaint alleged facts sufficient to survive a motion to dismiss, the district court granted summary judgment in plaintiffs favor. On the second element, the district court reasoned that the representative’s assurances regarding the correctness of his credited years of service were “so grossly negligent as to amount to constructive fraud upon Plaintiff,” and that the representative’s “failure to properly investigate the concern raised by Plaintiff was not an honest mistake but was precisely the sort of malfeasance that may give rise to constructive fraud.” In agreeing, the majority concludes defendants must “bear responsibility” for these misrepresentations because they were the “only ones in a *596 position to know the true facts, assumed that they knew the true facts,” “failed to ascertain the true facts” when questioned by Paul, and “repeatedly assured Paul that they knew the true facts.” .
However, a reasonable trier of fact could arrive at an alternative verdict — defendants’ reliance on Aon Hewitt, while perhaps negligent, did not rise to the level of gross negligence so as to constitute constructive fraud upon Paul. There' is no record evidence that defendants had reason to know Aon Hewitt made a miscalculation, that they unreasonably relied upon Aon Hewitt’s certifications that Paul’s benefit service years were what it purported them to be, or that the representative acted with such disregard to Paul that his actions constituted gross negligence. Defendants’ awareness of the true facts is material and in dispute — a reasonable person could conclude their conduct was not grossly negligent. When reasonable persons “might reach different conclusions” as to whether there is negligent conduct, our legal system “emphasize[s] the appropriateness of leaving the question to the [trier of fact].” Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 63 S.Ct. 1062, 87 L.Ed. 1444 (1943). See also Wendrow v. Mich. Dep’t of Human Servs., 534 Fed.Appx. 516, 531 (6th Cir.2013) (applying Michigan law). Following trial, the trier of fact should decide what the facts are and what they support. Summary judgment under these circumstances is not warranted.
I join the majority opinion in its resolution of the other issues.